**Reversed and Remanded and Memorandum Opinion filed July 3, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-11-00346-CV

## ROBERT RILEY, Appellant

## V.

## KRISTINA YOUNG RILEY, Appellee

**On Appeal from the 306th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 10FD0123**

## M E M O R A N D U M   O P I N I O N

Robert Riley petitioned for divorce from Kristina Young Riley, alleging the existence of an informal marriage. The trial court signed a final summary judgment in Kristina's favor, ruling that Robert adduced no evidence that the couple represented to others they were married. Robert contends the trial court erred because there is some evidence that the couple represented to others they were married. We agree. Accordingly, the trial court's summary judgment is reversed, and this case is remanded for further proceedings.

BACKGROUND

Robert and Kristina ceremonially married in 1996 and divorced in 2000. The couple continued to live together until May 2007. Robert sued Kristina for divorce in 2010, alleging the existence of an informal or common law marriage continuing after the earlier divorce.

Kristina moved for a partial traditional and no-evidence summary judgment, contending the couple never agreed to be married and did not represent to others they were married. Kristina attached evidence indicating that she and Robert were not married, including a deed of trust, a bond application for a motor vehicle dealer's license, and federal tax returns. Robert responded with evidence including his affidavit, an affidavit from his mother, photographs of Kristina wearing a wedding ring, an email from a friend, a magazine article, an invoice from a hotel, and a greeting card he received from Kristina. Kristina objected to the trial court's consideration of much of Robert's evidence.

On December 16, 2010, the trial court signed an order granting partial summary judgment for Kristina. The court determined that there was no evidence the couple represented to others that they were married, a required element of an informal marriage. After the court severed some of Robert's non-family law claims and nonsuited others, the summary judgment became final. Before the trial court lost plenary power, the court signed an "order on Kristina Riley's objections to summary judgment evidence of Robert Riley." However, the order did not specifically sustain or overrule any of the objections.[1] After its plenary power expired, the court issued a second order with the same title, sustaining all of Kristina's objections. Robert filed a timely notice of appeal.

---

[1] The court stated that "the objections should be sustained or overruled as shown by the initials of the Presiding Judge in the appropriate blanks on the objections and hereby incorporates by reference that initialed version of the objections, attached below, into this document as the Order of this Court." The court did not attach any documents.

ANALYSIS

In his first issue, Robert argues that the trial court erred by granting the summary judgment for Kristina because there is some evidence the couple represented to others they were married. In his second issue, Robert argues that the trial court's order on Kristina's objections is void, but in any event, the court abused its discretion by sustaining the objections.

Kristina contends there is no evidence that she represented to others she was married to Robert, and documentary evidence conclusively negates Robert's allegation. Kristina also contends that the trial court properly sustained her objections to Robert's summary judgment evidence while the court had plenary power, and Robert waived error regarding the objections.

Considering only the unobjected-to summary judgment evidence, we hold that Robert has adduced more than a scintilla of evidence that the couple represented to others they were married.[2]

## I.      Standard of Review

We review summary judgments *de novo*. *Raynor v. Moores Mach. Shop, LLC*, 359 S.W.3d 905, 907 (Tex. App.—Houston [14th Dist.] 2012, no pet.). We take as true all evidence favorable to the nonmovant, indulging reasonable inferences and resolving doubts in the nonmovant's favor. *Id.*

For a traditional summary judgment, the movant has the burden of showing there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Raynor*, 359 S.W.3d at 907. A defendant may meet this burden by conclusively negating an essential element of the plaintiff's claim of an informal marriage. *See Raynor*, 359 S.W.3d at 907.

"We sustain a no-evidence summary judgment when (a) there is a complete

---

[2] Accordingly, we need not address the arguments regarding objections to the summary judgment evidence. *See* Tex. R. App. P. 47.1.

absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *Id.* at 907–08 (citing *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003)). This is a legal sufficiency standard. *See King Ranch*, 118 S.W.3d at 750–51.

Evidence is "conclusive" only if reasonable people could not differ in their conclusions. *Raynor*, 359 S.W.3d at 907. There is "more than a mere scintilla" of evidence if reasonable and fair-minded people could differ in their conclusions. *Id.* at 908.

## II.    Informal Marriage

To prove an informal marriage, *i.e.*, a common law marriage, Robert must prove that he and Kristina (1) agreed to be married; (2) lived together as husband and wife in Texas; and (3) represented to others they were married in Texas. *See* Tex. Fam. Code Ann. § 2.401(a)(2) (Vernon 2006); *Small v. McMaster*, 352 S.W.3d 280, 283 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). The third element is also known as "holding out to the public." *Small*, 352 at 284–85.

"Holding out" may be shown by the conduct and actions of the parties; "[s]poken words are not necessary to establish representation as husband and wife." *Winfield v. Renfro*, 821 S.W.2d 640, 648 (Tex. App.—Houston [1st Dist.] 1991, writ denied); *see Small*, 352 S.W.3d at 285. The issue of whether a couple held themselves out as husband and wife "turns on whether the couple had a reputation in the community for being married." *Small,* 352 S.W.3d at 285. "Proving a reputation for being married requires evidence that the couple 'consistently conducted themselves as husband and wife in the public eye or that the community viewed them as married.'" *Id.* (quoting *Danna v. Danna*, No. 05-05-00472-CV, 2006 WL 785621, at *2 (Tex. App.—Dallas Mar. 29, 2006, no pet.) (mem. op.)). "Occasional introductions as husband and wife are not sufficient to establish the element of holding out." *Id.* This element "requires both

parties to have represented themselves as married." *Id.*

The unobjected-to testimony from Robert's affidavit included the following statements:

- "[W]e referred to each other publicly as husband and wife all the time — it was so often that I cannot list out each time it happened."
- "I always introduced Kristi as my wife, and she never objected."
- "After we agreed to be married again in April 2000, Kristi publicly wore her wedding ring for many years."
- "Even after we separated, we registered at a hotel as husband and wife when we were trying to reconcile . . . ."
- "We maintained a joint checking account, bought houses together as husband and wife, and we commingled our cash and assets."

This evidence is more than a mere scintilla that Robert and Kristina both represented to others that they were married. Although it may be prudent for the proponent of an informal marriage to have multiple, unbiased witnesses testify about the protesting spouse's representations of marriage, such evidence is not required for the proponent to avoid a no-evidence summary judgment. *Compare id.* at 285–86 (evidence factually insufficient when multiple family members and friends of the proponent spouse testified that the protesting spouse told others that they were married; noting that "all of the witnesses who testified to the representations" were the proponent's), *and Winfield*, 821 S.W.2d at 648–49 (evidence legally sufficient but factually insufficient when evidence of holding out consisted of the protesting spouse paying for a hotel in the name of "Mr. and Mrs. [protesting spouse]," and the proponent spouse lived in a condominium that had the protesting spouse's last name on the mailbox, about which the protesting spouse knew but did not object), *with Martinez v. Lopez*, No. 01-09-00951-CV, 2011 WL 2112806, at *5 (Tex. App.—Houston [1st Dist.] May 26, 2011, no pet.) (mem. op.) (evidence legally sufficient when the proponent spouse testified that she introduced the protesting spouse as her husband and that the protesting spouse represented that the proponent spouse was his wife to all of their friends and family), *Quinn v. Milanizadeh*,

No. 01-07-00489-CV, 2008 WL 1828327, at *6–7 (Tex. App.—Houston [1st Dist.] Apr. 24, 2008, no pet.) (mem. op.) (evidence legally sufficient when the proponent spouse's friend testified that she thought the couple was married and that she never heard the protesting spouse deny being married, and the proponent spouse testified that the protesting spouse referred to the proponent as his wife to friends and family), *and Eris v. Phares*, 39 S.W.3d 708, 715 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (evidence legally sufficient when several of the proponent spouse's friends and employees testified that they thought the couple was married, and the proponent spouse testified that he introduced the protesting spouse as his wife without her contradicting him).

Kristina suggests the most analogous case is *Smith v. Deneve*, 285 S.W.3d 904 (Tex. App.—Dallas 2009, no pet.). *Smith* affirmed a no-evidence summary judgment when the proponent spouse testified, "After Mary accepted my ring, we began to introduce each other as husband and wife . . . . When we have been out together, we have been introduced by others as husband and wife and neither Mary or I would tell anyone that we were not husband and wife." *Id.* at 909–10. *Smith* held there was no evidence of holding out in part because the proponent spouse "adduced no evidence as to whether these events were common or rare." *Id.* at 910. In contrast, Robert stated in his affidavit that he and Kristina made such representations "all the time — it was so often that I cannot list out each time it happened." Robert "always" introduced Kristina as his wife without her objecting, and Kristina wore a wedding ring "for many years." This evidence in particular distinguishes *Smith* and supports a rational conclusion that Kristina consistently represented to the public that she was married to Robert. *See Martinez*, 2011 WL 2112806, at *5 (evidence legally sufficient when the proponent spouse "testified that she introduced Martinez as her husband and that he represented that she was his wife to all of their friends and family").

Kristina cites other cases, but unlike the statement in Robert's affidavit, those cases included only isolated instances of holding out. *See Danna*, 2006 WL 785621, at

*1–2 (no evidence of holding out when the protesting spouse told one witness that the proponent spouse was his wife; the protesting spouse introduced the proponent as his wife on one occasion; and the proponent spouse introduced the protesting spouse as her husband in the presence of the protesting spouse on one occasion without him objecting); *Nichols v. Lightle*, 153 S.W.3d 563, 571 (Tex. App.—Amarillo 2004, pet. denied) (no evidence of holding out when proponent spouse testified that the protesting spouse told at least one other person that they were married); *Lee v. Lee*, 981 S.W.2d 903, 907 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (no evidence of holding out when the proponent spouse told a few friends and business customers that they were married; protesting spouse did not make any affirmative representations of marriage); *Flores v. Flores*, 847 S.W.2d 648, 653–54 (Tex. App.—Waco 1993, writ denied) (no evidence of holding out when the protesting spouse introduced the proponent as his wife on one occasion and once referred to the proponent as his wife; an occasional reference to the proponent as his wife was ambiguous in context because she was his ex-wife). Robert's affidavit indicates that Kristina's representations to others were not isolated events.

Finally, Kristina points to a deed, a bond application for a motor vehicle dealer's license, and federal tax returns indicating that Robert identified himself as being single or unmarried during the relevant time period. This evidence does not conclusively negate the holding out element, especially when there is no evidence that these representations were disseminated in the community. *See In re Giessel*, 734 S.W.2d 27, 31 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.) (proponent spouse's "representations in tax returns and other documents that she was single go to the weight of the evidence; they do not negate a marriage, as a matter of law"); *see also Martinez*, 2011 WL 2112806, at *5 (evidence of holding out was sufficient despite the protesting spouse purposefully leaving the proponent's name off various financial transactions and filing federal tax returns as "single"); *Hundle v. Nigh*, No. 14-94-01145-CV, 1996 WL 65381, at *5 (Tex. App.—Houston [14th Dist.] Feb. 15, 1996, no writ) (not designated for publication) (evidence of holding out was sufficient despite documentary evidence, such as tax returns and a

warranty deed, indicating the proponent spouse and decedent were single); *cf. Smith*, 285 S.W.3d at 910 (discounting the proponent spouse's evidence of contracts that listed the couple as husband and wife in part because "there is no evidence that anyone in the community ever saw those contractual representations"); *Danna*, 2006 WL 785621, at *2 (discounting the protesting spouse's references to "wife" in Valentine card and "spouse" in AARP enrollment form because there was "no evidence that anyone in the community saw the card or the AARP form"). *But see Small*, 352 S.W.3d at 286 (evidence was factually insufficient on the element of holding out, considering in part that the proponent spouse filed federal income taxes as "single"). At best, this evidence conflicts with Robert's evidence of holding out, and there is a genuine issue of material fact.

Accordingly, Robert's first issue is sustained.

## CONCLUSION

Concluding that Robert presented more than a mere scintilla of evidence on the holding out element of an informal marriage, and there is a genuine issue of material fact, we reverse the trial court's judgment and remand for further proceedings.

/s/    William J. Boyce
      Justice

Panel consists of Justices Seymore and Boyce and Senior Justice Yates.[3]

---

[3] Senior Justice Leslie Brock Yates sitting by assignment.